IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RICHARD E. MARKS                                                                PETITIONER

vs.                          Civil Case No. 2:08CV00214 BSM/HLJ

T. C. OUTLAW, Warden
FCI, Forrest City, Arkansas                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Mr. Marks, a federal inmate, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, raising one ground for issuance of the writ. (DE #1) Petitioner claims that the Bureau of Prisons (BOP) has unlawfully required, forced, and punished him through the Inmate Financial Responsibility Program (IFRP) due to his refusal to voluntarily pay restitution. For the reason explained below, the Court finds the petition to be without merit.

On April 22, 2005, Marks was sentenced to fifteen (15) years imprisonment for conspiracy to defraud, conspiracy to commit mail and wire fraud, aiding and assisting the

filing of materially false income tax returns, mail fraud, and wire fraud.[1]  In addition to imprisonment, Petitioner was ordered to comply with specified conditions during a three-year term of supervised release and to pay the following total criminal monetary penalties: $4,400 assessment, $25,000 fine, and $42,311,742 restitution. On October 20, 2005, the sentencing court modified the order of restitution to $30,738,395.28.  Having assessed Petitioner's ability to pay, the court ordered payment of the total criminal monetary penalties due immediately, with any unpaid amount to be paid "[d]uring the period of imprisonment, pursuant to Bureau of Prisons' Inmate Financial Responsibility Program."  Petitioner signed an Inmate Financial Plan on November 3, 2005, agreeing to pay $25 per quarter to his court-ordered financial obligations through the IFRP.[2]  Although Petitioner signed the agreement, records reflect there were inadequate funds to make his IFRP payment on March 27, 2006, and he was subsequently provided notification that his IFRP payment had not been made due to insufficient funds and that he had been placed on IFRP refuse status.  This notification

---

[1] USA v. Richard Marks, Case No.CR02-0423C-02 (W.D. Wash. 2005) (The Honorable John C. Coughenour, United States District Court for the Western District of Washington, presiding). Petitioner's sentence and conviction were affirmed on appeal.  See USA v. Richard Marks, 530 F.3d 799 (9th Cir. 2008).

[2] Petitioner was previously incarcerated at the camp section of the Federal Correctional Institution in Taft, California.  He filed a similar suit in Richard E. Marks v. Jeffrey A. Wrigley, Warden, Case No. 1:07-CV-0966, United States District Court for the Eastern District of California.  That case remains pending.  The facts as outlined here were retrieved from review of that case and its pleadings. See Exhibits to Respondent's Opposition to Marks' Habeas Corpus Petition.

explained to Petitioner the consequences of his failure to participate in the IFRP.[3]

Petitioner claims the BOP has unlawfully required, forced, and punished him through the IFRP due to his refusal to voluntarily pay restitution. (See DE #2, Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 USC § 2241 at 3-4)  The Court finds no merit to Petitioner's argument.

Title 18 U.S.C. § 3572(d) provides in pertinent part that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately ... unless the court establishes another schedule."  The Eighth Circuit has held that, when a fine is payable immediately, the BOP has discretion to place an inmate in the IFRP payment plan.  Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); see also Elwood v. Sanders, Case No. 2:06CV00224 WRW/BD (E.D. Ark. May 31, 2007) (where petitioner's term of supervised release was revoked and the judgment revoking supervised release did not mention the restitution previously ordered, a petition under 28 U.S.C. § 2241 may be used to contest the execution of the sentence, and insofar as the order of restitution is valid, the BOP's placement of petitioner in the IFRP is a proper execution of his sentence).

In the instant matter, the court made Petitioner's fine, assessment, and restitution due

---

[3]Petitioner likewise acknowledges on the Inmate Financial Plan he signed on November 3, 2005, that "[a] staff member has provided me with information regarding the potential consequence of refusal on my part to participate in the inmate financial responsibility program." See Exhibit 6 to Respondent's Opposition to Marks' Habeas Corpus Petition in Richard E. Marks v. Jeffrey A. Wrigley, Warden, Case No. 1:07-CV-0966, United States District Court for the Eastern District of California.

immediately, and the BOP had discretion to place him in the IFRP payment plan. Petitioner in fact signed and agreed to an inmate financial plan on November 3, 2005, in which he agreed to "submit payments toward satisfaction of the financial obligation(s) indicated on this form in accordance with the payment plan outlined below." The payment plan outlined required Petitioner to pay $25 quarterly beginning March 14, 2006. (See Exhibit 6 to Respondent's Opposition to Marks' Habeas Corpus Petition in Richard E. Marks v. Jeffrey A. Wrigley, Warden, Case No. 1:07-CV-0966, United States District Court for the Eastern District of California) Petitioner challenged the United States District Court for the Western District of Washington's entry of the modified order of restitution on appeal, arguing he had the right to be present and speak on his own behalf to contest the calculation of the restitution amount. See USA v. Richard Marks, 530 F.3d 799, 813 (9th Cir. 2008). Assuming without deciding the court's failure violated Petitioner's statutory or constitutional rights, the Ninth Circuit Court of Appeals found the violation was harmless error because Petitioner had more than three weeks before entry of the final restitution order in which to file a written objection, and he did in fact file an objection. See id. Therefore, assuming the order of restitution at issue is valid, the BOP's placement of Petitioner in the IFRP is a proper execution of his sentence and its efforts to promote compliance with the plan Petitioner signed are proper.

IT IS THEREFORE ORDERED that this case be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 28th day of April, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge